Our first case on today's docket, this afternoon's docket, is the case of the People v. Clifton Bardo and we have Christian Burrell for the Appeal. We have several issues in the Appeal but I'm going to try to focus on the ones that are more prominent to address this afternoon. The first one I would like to focus on is that we're alleging that the state failed to prove that the building known as the New Hope Baptist Church was in fact the building that was alleged in the information. You may recall that the sentencing was enhanced through class X sentencing in this case based on a controlled substance delivery within a thousand feet of the place of worship. The testimony at trial, there's two counts, and the defendant was found guilty on both counts. The testimony was on count one that Officer Kemper measured the distance from 323 West Park Street, the place of the alleged offense, to New Hope Baptist Church and found it to be within a thousand feet. There was a lack of testimony or any other evidence, though, as to whether or not it was an active church on the date listed in the information. There was just the testimony was just that it was called the New Hope Baptist Church. And the same thing in count two, Officer Jones was the officer in that one and he measured the distance but he did not offer any testimony nor was there any other evidence as to whether or not it was an active church and whether or not it was an active church on the date alleged to the offense. And we cited People v. Ortiz and People v. Cadena, which had essentially those same issues and those were reversed because of that. Those cases, in a nutshell, basically held that, you know, introducing a photo of a church sign or saying that it's called a church is not good enough, that that's not proof beyond a reasonable doubt. And that was what happened in each one of those cases. And that's what happened in this case. And we believe that if, you know, in a post-apprendee world, if we're going to enhance a sentence to class X felony sentencing based upon a house of worship, there needs to be proof beyond a reasonable doubt. We don't... You're aware that this court has, this is the second time this court has seen this issue? Yes. So what do you think is necessary to prove that it's an active place of worship? I mean, do you have to have somebody see it? What do you think? Well, in my humble opinion, I would call somebody from the church to have them be a witness and say, was it an active church on this date? I think it's somewhat analogous to the proving something's a controlled substance. You know, we don't allow field tests. We don't allow looking at something and saying, oh, this is definitely cocaine. We require a lab witness and scientific testimony. And I think it's something that wouldn't be that hard to prove, but the prosecution needs to put evidence beyond reasonable doubt in the record to show that it is actually a place of worship. And for those reasons, we would ask that you reverse this conviction or remand for resentencing. Would it be enough if the officer testified that they were familiar with the, they were from the community, they were familiar with the fact that the church did operate generally as a church? Well, I mean that... It depends on the specificity of the officer's testimony. If the officer goes to the church, no problem. The officer knows. If the officer's from the community and is aware that the New Moses Baptist Church is there, I think that still fails. And the reason why is I think we need specific evidence that on the date of the offense alleged in the information that it was a church. And I was struggling for the name, but that's people versus sins? Sins, the state cited, and they said that maybe this, the nomenclature issue survives Kadena because there's a stipulation in Kadena that nomenclature wasn't enough, so that maybe that issue hadn't quite been decided. We would argue that even if, and we don't agree with the state, but even if you take the state's argument as true, that's not enough because there's no temporal context here. There's no time. It's not on the date of the offense alleged in the information that we need testimony from an officer, from a church member, from anyone that has personal knowledge of whether or not it was still actively being used as a church on the day that the controlled substances were allegedly delivered. And without that, we think there's not been proof beyond a reasonable doubt to support the enhancement. Let's say you have a house of worship that has regular services on a Monday, a Thursday, a Friday, Saturday, and Sunday. And let's assume that this drug transaction happens on a Wednesday. Is it a house of worship? I would believe that that situation, you don't have to have a church service on the day of the alleged delivery. If it's an active church and it has a congregation and it has a pastor or other minister and it actively meets, it's considered an active church, I believe that would be enough. You have somebody that testifies, that has personal knowledge that it is actually still operating. The second issue I'd like to address quickly is the defendant was denied his trial counsel of choice. He hired a private attorney. They have some disagreements. It appears that the defendant was not aware that his first counsel of choice had never tried a jury trial before. He found out in the week leading up to the trial. He went out and attempted to retain new counsel. He didn't bring new counsel to the day of the jury trial, admittedly. He brought a letter. It was Attorney Elevitz who was the attorney that he had contacted. Attorney Elevitz indicated he would be willing to represent the defendant, but he was not available that day. He wouldn't be available for a couple months, until January, because of his schedule. Our argument is that the trial court, in denying the motion for a continuance, did not properly balance the defendant's right to counsel of his choice against the state's right and the court's interest in speedy administration of the trial docket. Admittedly, it was the morning of jury trial. The court made indications of that on the record, that he had 37 jurors, prospective jurors there, sitting, ready to go to trial. He did make an inquiry, but he didn't balance anything. He didn't focus on the defendant's record, is that he focused more on the inconvenience to the court, and other factors that the defendant had retained his own counsel, that he wasn't appointed. But he didn't make an inquiry into what types of efforts that Mr. Bardot made to find new counsel. He did make an inquiry into what the problem was between Mr. Bardot and his present counsel, Mr. Gremlins, but he didn't inquire as to whether or not this was a delay tactic. He did make a statement on the record that, you know, it's the day of jury trial, and you've been out on bond for four months, you've had time to resolve this issue. Our response to that is that Mr. Bardot did not realize that his retained counsel had never tried a jury trial before, until the week leading up to trial. And so once he found out that information, he made efforts to find another attorney. Would it have been better if he had had an attorney present and able to try the case that morning? Yes. But it would be tough, in the week leading up to a jury trial, to find new counsel, retain them, have them have the entire court file a discovery, and have them ready for trial on that morning. And so we believe that Mr. Bardot was denied his counsel of choice in that situation. One question about that. The judge, when there was a motion to get this confidential informant disclosed, right? There was. And it seemed like to me, I don't think I dreamed this, but the judge wanted to go to trial in October, and the defense counsel said, I may not be ready by evidence discloses, etc., but I would be ready in January. And the judge, without even knowing what the discovery was, said, no, we're going in October. Is that right? That is correct. And the motion to continue then, was there any more information about that, that we told you we couldn't be ready? You know, you pushed us out when we weren't ready, anything like that? As I remember, there was a disagreement between the state and the defendant about the confidential informant and disclosing the identity, and that was ultimately disclosed after some reflections. I don't believe that there was any argument about the confidential informant during the morning of jury trial, but there was some things in the record. The state made an issue about the safety of the confidential informant and alleged that there had been threats made or a threat made against the confidential informant, and that was a reason why not to delay the trial. Our response to that is there are other, less restrictive ways for the judge to deal with that issue. One would be revoke the defendant's bond and place him in the county jail. He was on bond this entire time. My reading is that the state implied, at least, that it was the defendant who made a threat, whether he did or not, we're not saying that he did. But in that situation, the court had the power to revoke the defendant's bond and place him in the county jail, and we even think would have avoided a speedy trial issue because it was the defendant's request for continuance to obtain new counsel. So the court skipped to the end of the analysis without going through all the steps, we believe. We just did not balance the right of the defendant to have counsel of his choice. Thank you. The third issue that we bring up is the chain of custody. There was two exhibits entered in this case, both cocaine. There was testimony about the chain of custody. There were discrepancies in the testimony. You'll have the opportunity for rebuttal, Mr. Burrell. Ms. Stacy. Your Honors, counsel, may it please the court. The defendant has raised numerous issues on appeal. I'm going to take these in reverse order. Issue one that he had briefed was with regard to the trial court not allowing continuance on the date of the trial. And in his reply brief, I'll focus my comments on the reply brief because that's what the state has not had the opportunity to respond to. The defendant cites to a case called People v. Washington. It's a first district case, 1990. In that case, the trial court denied the continuance the morning of the trial and did not conduct an inquiry into, well, what is the reason that we need to have this continuance? And the appellate court in that case determined that the trial court abused its discretion for failing to conduct any inquiry at all. I think it's similar to maybe the Moore and Sons case. What happened is the trial court did conduct an inquiry and the court questioned not only the defendant but also defense counsel. And defense counsel learned the week before the trial that the defendant wanted a new attorney. The defense counsel told the defendant that another attorney is going to need to enter an appearance in this case or the judge is not going to let me out of this case. There had been discussion about the trial date and the date certainly had been set. In any event, the trial court also learned that the defendant was aware of the week prior to trial that his attorney had never tried a jury trial. I understand it might have made him a little bit uncomfortable, but he still did not have to wait until the day of trial to ask for continuance to obtain another attorney. The judge did not know whether or not this would deny the defendant his constitutional right to counsel of choice. The judge said he understood that the defendant had the right to choose his attorney, that the defendant did choose this attorney, and I believe there was even information that the court revealed that this was the second attorney that this defendant had hired. And the judge was very concerned that there were already 37 prospective jurors out in another room waiting for the jury trial that day. I think another factor that distinguishes this case from the Washington case cited by the defendant is that there was an issue concerning the identity of the confidential source and the state was concerned about the safety of that confidential source and also revealing the identity of who that source is, especially in a small town. So the state or the judge gave the state until September 30th of 2013 to reveal the identity of the confidential source, and he unmistakably told the defendant and his attorney the trial was definitely going to start on October 21st, 2013. And in People v. Curry, it's a 4th District case that the state cited in its brief, the Curry court out of the 4th District held that counsel of choice does have some limit and that a trial court does not abuse its discretion by denying a motion for substitution of counsel where new counsel is either unidentified or does not stand ready, willing, and able to make an unconditional entry of appearance. In this case, what we have is a letter from a potential attorney that the attorney wrote indicating that he and the defendant had reached a tentative agreement, but that he would not be able to enter his appearance that day. I believe it was actually going to be several weeks after the date of the trial. So in this case, the state does not believe that's an abuse of discretion when there was non-counsel ready, willing, and able to enter an appearance unconditionally. In Issue 2, the defendant contends that he was not proven guilty beyond a reasonable doubt of two counts of unlawfully delivering a controlled substance within a thousand feet of a church. The state recognizes on appeal that at the trial court level, there was no testimony during that trial that the New Hope Baptist Church was a church on the two dates alleged in the complaint. And there was a bit of a split in the case law on this, as Your Honors have alluded to. There's a first district case from 2004, People v. Foster, and in that case, the court indicated that if the word church is in the name, there's an inference that it is a church, and viewed in the light most favorable to the prosecution, that's enough to establish that it is a church. The state does concede that the defendant cited the Kadena case out of the second district, and in that case, the second district held that the state did not prove the building was a church, because no testimony was elicited on those dates alleged that it was actually a church. If this court follows the Kadena case, the defendant's conviction should be reduced to unlawful delivery of a controlled substance, and then pursuant to Supreme Court Rule 366A, the matter should be remanded for resentencing on the unenhanced sentences. I believe counsel was about ready to get to the issue concerning the chain of custody. The state had established a chain of custody throughout the entire time from the seizure all the way up to the date of the trial. This issue was not raised at trial, there was no post-trial motion, so it is procedurally defaulted. The state has no opportunity to address any of that at the trial court level, and the trial court has no opportunity to do anything. And the state did establish reasonable protective measures were taken. The evidence was under lock and key the entire time in a police locker, and once the state establishes that, the burden shifts to the defendant to show there was actual tampering, substitution, or alteration, and that wasn't done in this case. In the Foster case, there still was the requirement that it had to be shown that it was primarily used for the purpose of worship, correct? I believe that's correct, Your Honor. And was that done in this case? I believe the difference in the Foster case and here is that the court said if the word church is in the name, then people understand that that's a place of service. What we have here is an officer who was familiar with the community, but I think the state just neglected for whatever reason to ask the officer, well, are you familiar with this New Hope Baptist Church, and do you know whether or not it was an active church on the dates of the offenses? Right. I mean, that is the problem, that they forgot to ask the question. That's right. What's the proof? Yes, the state concedes that, and if this court follows the Kadena line of cases, then I believe that we have to concede that the convictions are being fulfilled. The Foster case says it's just not enough to just have the name church on it. I believe, if I'm not mistaken about Foster, there was an indication in that case that if the word church is in the name, the evidence viewed in the light was favorable to the prosecution. I thought there had to be the additional requirement that it had to be used primarily as a church. Your Honor, I may be more familiar with that case than I am, and if that's the case, then obviously the convictions would need to be reduced and the matter would need to be remanded for resentencing. I'll leave that to the courts. Okay. Thank you, Your Honor. Thank you. Do you have any rebuttal, Mr. Burrell? Just a quick one. The state mentioned that this was the second attorney retained by Mr. Barnett. It wasn't in the record on page 194 to 97. It's cited in the appellee's brief on page 8. There is a transcript from the record that describes that my client did consult with another attorney, but he never entered his appearance. Drew was who they consulted with. So Mr. Grimles was the first attorney that Clifton Barnett ever hired. But he didn't really even hire him, did he? I mean, it was a conditional...  Oh, I'm sorry. Yes, yes. No. Mr. Albence indicated that he would be willing, but it was not an entry of appearance. It was a letter. And so, yes, we admit he did not enter his appearance as an attorney and move for a continuance. He sent Mr. Bardot to court with a letter saying he would agree to represent him, but his schedule prohibited that until January. Thank you. Thank you. Thank you both for your briefs and arguments. We'll take the matter under advisement.